# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 14-CR-0101-CVE |
| HERON MARQUEZ RAMIREZ, SERGIO GUADALUPE GONZALEZ, a/k/a El Don, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is defendant Sergio Gaudalupe Gonzalez's Amended Unopposed Motion for Continuance (Dkt. # 41). Defendants Heron Marquez Ramirez and Gonzalez are charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine.[1] Dkt. # 24. Gonzalez made his initial appearance on May 22, 2014 and the Court appointed counsel, John Dunn, to represent defendant. At a detention hearing on May 29, 2014, Dunn made an oral motion to withdraw and William Bratton entered an appearance as retained counsel of record for Gonzalez. Dkt. # 21. Dunn was permitted to withdraw from his representation of Gonzalez. Bratton states that the "process of providing the Defendant with the necessary discovery is ongoing and has not been completed . . . ." Dkt. # 41, at 2. Gonzalez requests a 60 day continuance of all deadlines, including the jury trial. Gonzalez has executed a speedy trial waiver

---

[1] Defendants were initially charged by complaint (Dkt. # 1), and they made their initial appearances to the charge alleged in the complaint. On June 4, 2014, a grand jury returned an indictment (Dkt. # 24) charging defendants with the same offense alleged in the complaint.

(Dkt. # 43). The government and co-defendant Ramirez[2] do not oppose Gonzalez's motion for a continuance.

Gonzalez's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information

---

[2] Although Ramirez has not filed a speedy trial waiver, he does not oppose Gonzalez's motion for a continuance. Dkt. # 41, at 3. Under the Speedy Trial Act, any reasonable delay attributable to a co-defendant for whom a motion of severance has not been granted is excludable from a defendant's speedy trial calculation even without a waiver of speedy trial rights by the defendant.

about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant Gonzalez's motion for a continuance and finds that it should be granted. Gonzales made his initial appearance to the complaint on May 22, 2014, but the indictment was not returned until June 5, 2014 and the Court did not enter a scheduling order until June 16, 2014. Gonzalez filed his motion to continue on June 24, 2014, which was also the motions deadline, and defendant had not received all of the discovery from the government. Defense counsel states that he will need additional time to review the discovery as it is produced by the government in order to determine if pretrial motions would be appropriate. Dkt. # 41, at 2. Gonzalez's request for additional time to prepare for trial is reasonable, because he has shown that his attorney will not have sufficient time to prepare for trial under the current scheduling order.[3] In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

---

[3] Defendant is advised that any delay caused by his decision to retain out-of-state counsel will not be considered a legitimate reason to delay his trial, and defendant will be required to retain local counsel if his attorney is unable to comply with the deadlines in the Court's scheduling order.

**IT IS THEREFORE ORDERED** that defendant Sergio Gaudalupe Gonzalez's Amended Unopposed Motion for Continuance (Dkt. # 41) is **granted**, and the pretrial conference set for July 10, 2014 and the jury trial set for July 28, 2014 are **stricken**. The following amended scheduling order as to both defendants is hereby entered:

| | |
|---|---|
| Motions due: | August 13, 2014 |
| Responses due: | August 27, 2014 |
| PT/CP/Motions Hearing: | **September 2, 2014 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | September 15, 2014 |
| Jury Trial: | **September 22, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between July 28, 2014 and September 22, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that Defendant's Unopposed Motion for Continuance (Dkt. # 40) is **moot**.

**DATED** this 8th day of July, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE