UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-CR-0101-001-CVE ) |
| HERON MARQUEZ RAMIREZ, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is the sealed Joint Motion for Continuance (Dkt. # 46). Defendants Heron Marquez Ramirez and Sergio Guadalupe Gonzalez were charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine.[1] Dkt. # 24. Ramirez made his initial appearance on May 14, 2014 and the Court appointed counsel, Scott Troy, to represent Ramirez. The government has dismissed the criminal charge against Gonzalez. Dkt. ## 45, 48. Ramirez and the government request a 90 day continuance of all deadlines, including the jury trial, and Ramirez has executed a speedy trial waiver (Dkt. # 47).

The joint request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends

---

[1] Defendants were initially charged by complaint (Dkt. # 1), and they made their initial appearances to the charge alleged in the complaint. On June 4, 2014, a grand jury returned an indictment (Dkt. # 24) charging defendants with the same offense alleged in the complaint.

of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed the sealed joint motion for a continuance (Dkt. # 46) and finds that it should be granted for the reasons stated in the sealed motion. The joint request for a continuance is reasonable under the circumstances, and the parties have shown that additional time for pretrial preparation is necessary. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the sealed Joint Motion for Continuance (Dkt. # 46) is **granted**, and the pretrial conference set for September 2, 2014 and the jury trial set for September 22, 2014 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | November 11, 2014 |
| Responses due: | November 25, 2014 |
| PT/CP/Motions Hearing: | **December 1, 2014 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | December 1, 2014 |
| Jury Trial: | **December 8, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between September 22 and December 8, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 29th day of August, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE